## RAY, appellant, v. ROWLEY.

*Jurisdiction of supreme court presumed. Evidence — judgment.*

Where a judgment, recovered in the supreme court, is offered in evidence, jurisdiction is presumed, and no proof is necessary. If such judgment is irregular, it can be set aside only on motion. It cannot be attacked collaterally, when offered in evidence in another suit.

APPEAL from a judgment dismissing the complaint, entered upon the findings of the judge before whom the action was tried, without a jury.

The action was brought in Niagara county by Joseph M. Ray against Salmon B. Rowley and others, and was in the nature of a creditor's bill. From 1868 to November 17, 1871, Annie E. Smith was the owner of a lot in the city of Lockport. During that time, the plaintiff advanced her money and materials and labor, in and about building a house on the lot, for which he obtained a judgment against her, in the supreme court, on the 6th of September, 1872, for $596.93, damages and costs. On the 17th of November, 1871, the said Annie E. Smith conveyed the lot, with the house thereon, to the defendant Rowley. The other defendants, Pomroy and Smith, are judgment creditors of Rowley. This action was commenced on or about the

29th of January, 1873, to set aside said conveyance, on the ground that it was made to hinder, delay and defraud creditors, and was therefore fraudulent and void; and to obtain satisfaction of the plaintiff's judgment out of said land.

On the trial, the record of that judgment was offered in evidence. The defendants objected to the same being received in evidence, on the following grounds: That the judgment was a nullity; the clerk having no power, authority or jurisdiction to enter the same. That there was no proof that the defendant, Annie E. Smith, signed an admission of service of the summons. That there was no proof of the personal service of the summons, or that it was served in this State. That there being no proof of service of the summons, the court had no jurisdiction of the defendant, and the judgment was void. That the admission of service of summons did not state the place or manner of service, or that the service was personal. That the summons contained a notice that judgment would be taken for money upon a money demand arising on contract, while the complaint contained no demand for such judgment, but for equitable relief. That the judgment was not for the relief demanded in the complaint. That judgment upon the demand stated in the complaint could only be taken on application to the court, and the clerk had no authority to grant or enter the judgment.

The judge sustained the objections, and refused to receive the judgment in evidence.

The plaintiff then offered in evidence the execution issued upon said judgment. The defendant objected to the same, as being immaterial, there being no proof of the judgment. The court sustained the objection, and the plaintiff excepted.

The defendant moved that the complaint be dismissed, and the court granted the motion, on the ground that the plaintiff had failed to prove any of the facts or circumstances stated in the complaint.

*D. Millar*, for appellant.

*Geo. C. Greene*, for respondents.

GILBERT, J. The judge, at special term, clearly erred in excluding the judgment offered in evidence. That judgment was recovered in the supreme court. Jurisdiction is presumed, and no

proof is necessary. If it was irregular it could be set aside only on motion. It cannot be attacked collaterally, when offered in evidence in another suit.

The judgment must be reversed and a new trial granted, with costs to abide the event.

*New trial granted.*